Dear Mr. Picard:
This office is in receipt of your opinion request concerning Act 1295
of the 1999 Regular Session of the Louisiana Legislature regarding the distribution of the Education Excellence Fund ("EEF"). You stated in your request that you have had numerous requests from the local school districts concerning the allowance of "pre-award costs" and the ability to begin their project before all of the necessary approvals have been obtained or revenue received. Specifically, you wanted to know:
 (1) Does a state agency have authority to make monetary awards from a dedicated fund to sub-recipients based solely on budget authority and prior to the State Treasurer actually receiving revenue into the dedicated fund?
 If a state agency has such authority and exercises it, what is the state's liability if actual revenues received are lower than the appropriated budget authority and sub-recipient awards are adjusted downward mid-year after the sub-recipient has expended funds above their final award amount?
 (2) Can local districts engage in project activities prior to the approval of their plan by the Department of Education and the Standing Committees of the legislature?
Pertinent to your inquiry is the 1999 Amendment to Louisiana's Constitution of 1974, Article VII, 10.8 entitled Millenium Trust, which took effect on July 1, 2000. Louisiana Constitution Article VII, 10.8(C)et seq. and LSA-R.S. 39:98.3(A) et seq. are identical and relate to appropriations from the EEF. They state, in pertinent part:
 Appropriations. Appropriations from the Education Excellence Fund shall be limited to an annual amount not to exceed the estimated aggregate annual earnings from interest, dividends, and realized capital gains on investment of the Millennium Trust as recognized by the Revenue Estimating Conference.
Therefore, the amount determined to be available for appropriation shall be the estimated aggregate annual earnings from investment of the trust fund for any given year. You stated in your letter that the legislature appropriated to the Department of Education authority to distribute EEF to local school districts, however you have not received the actual revenue and do not know what the final revenue numbers will be.
The relevant language of the statute is found at LSA-R.S.39:98.3(C)(4)(a) and (b) (also found at Louisiana Constitution ArticleVII, 10.8(C)(3)(d)(i) and (ii)), which provides that:
 (4) Beginning Fiscal year 2000-2001 and for each fiscal year through the end of Fiscal Year 2006-2007, of the monies available for appropriation after providing for the purposes enumerated in Paragraphs (1), (2), and (3) of this Subsection, the following appropriations shall be made to the state superintendent of education for distribution as follows:
 (a) Thirty percent of the funds available to be divided equally among each, city, parish, and other local school system.
 (b) Seventy percent of funds available to be divided among each city, parish, and other local school system in amounts which are proportionate to each school's share of the total state share of the Minimum Foundation Program appropriation as contained in the most recent Minimum Foundation Program budget letter approved by the State Board of Elementary and Secondary Education. (Emphasis supplied).
LSA-R.S. 39:98.3(C)(7) (Louisiana Constitution Article VII,10.8(C)(3)(g)) states, in pertinent part:
 No funds may be distributed to any school system until its plan has been approved by the department and by the appropriate standing committees of the legislature. (Emphasis supplied)
Assuming the word "award" in your query mean the distribution of EEF money to local school districts, LSA-R.S. 39:98.3(C) (Louisiana Constitution Article VII 10.8(C)(3)) does not give a state agency authority to make monetary awards from a dedicated fund to sub-recipients based solely on budgetary authority, particularly when the State Treasurer has not actually received any revenue into the dedicated fund. As emphasized above, the statute commands that no funds can be distributed to any local school district until its plan has received both departmental and legislative approval.
However, if "awards" mean the approval of a local school district's plan, than LSA-R.S. 39:98.3 et seq. (Louisiana Constitution Article VII,10.3 et seq.) does not mandate that the Department of Education and the appropriate legislative standing committee must wait until Tobacco Settlement proceeds are placed in the State Treasury before they can approve plans submitted by the local school districts. Plans can be approved at anytime, including prior to the state receiving settlement money.
Therefore, our response to your first question depends on what you mean by "award." If "awards" mean the distribution of funds then a state agency does not have the authority to make monetary awards from a dedicated fund to sub-recipients based solely on budgetary authority, when the State Treasurer has not actually received revenue in the dedicated fund. However, if "award" mean the approval of a local school system's plan, than the plans can be approved at anytime, including prior to the State Treasury receiving any Tobacco Settlement money into EEF. Based on the foregoing, it is not necessary for us to address the second part of your first question.
To address your second question, regarding allowing local school districts to engage in project activities prior to the approval of their plan by the Department of Education and the standing committees of the legislature, our response is governed by LSA-R.S. 39:98.3(C)(7) (Louisiana Constitution VII, 10.8(C)(3)(g)), which states that:
 Each recipient school or school system shall annually prepare and submit to the State Department of Education, hereinafter the "department", a prioritized plan for expenditure of funds it expects to receive in the coming year from the Education Excellence Fund. The plan shall include performance expectations to ensure accountability in the expenditure of such monies. The department shall review such plans for compliance with the requirements of this Paragraph and to assure that the expenditure plans will support excellence in educational practice. No funds may be distributed to any school system until its plan has been approved by the department and by the appropriate standing committees of the legislature. (Emphasis supplied)
Consequently, LSA-R.S. 39:98.3(C)(7) does not specifically contemplate local school districts engaging in project activities prior to the approval of their respective plans by the Department of Education and the standing committees of the legislature. However, the statute does not prohibit a local school district from funding its own plan prior to the mandated approval process and receiving its EEF appropriation. Once it receives its EFF money, the local school district can replace the funds it spent subject to the prohibition in the statute and constitution regarding supplanting. (See LSA-R.S. 39:98(C)(8) and Louisiana Constitution Article VII, 10.8(C)(3)(h)). If a local school district begins project activity prior to its plan being approved, it could risks the possibility that the projects would not be approved and/or funded. Therefore, if a local school district begins project activity before the mandated approval process, it risks the possibility that it may ultimately be responsible for funding its own projects, without reimbursement.
In conclusion, considering LSA R.S. 39:98.3(C) et seq., (Louisiana Constitution Article VII 10.8(C)(3) et seq.), Louisiana law does not allow a state agency to distribute money from the EEF to a sub-recipient based solely on budgetary authority prior to the State Treasurer actually receiving revenue into the dedicated fund. However, there is nothing in the Millennium Trust statute and the Constitution which would prohibit the Department of Education and the appropriate legislative standing committee from proceeding with approving local school district's plans. Further, although LSA R.S. 39:98.3(C)(7) does not specifically prevent local school districts from engaging in project activities prior to the approval of their respective plans by the Department of Education and the appropriate legislative standing committee, local school districts are cautioned regarding the risks involved. If local school districts begin project activities before getting their plans approved by the Department of Education and the appropriate legislative standing committee, they run the risk of their projects not being funded, because the statute and constitution mandates that no EEF funds are to be released prior to the appropriate approvals.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:________________________ Veronica L. Howard Assistant Attorney General
RPI:VLH:mmw:lrs
DATE REQUESTED: DATE RELEASED: February 2, 2001
VERONICA L. HOWARD
Assistant Attorney General